UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:11-cv-23900-DLG

HILDA SOLIS, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

    Plaintiff,

v.

CAVALIER HOTEL, LLC; CAVALIER CRAB
SHACK, LLC; and RALPH ABRAVAYA,

    Defendants.
_____/

## DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES

Defendants, CAVALIER HOTEL, LLC, CAVALIER CRAB SHACK, LLC and RALPH ABRAVAYA (collectively referred to as "Defendants"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, answer the complaint (the "Complaint") filed in this action by Plaintiff, HILDA SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, and state as follows:

I

Defendants admit that this Court has jurisdiction over the claims at issue in this action.

II

Defendants admit that Cavalier Hotel, LLC, and Cavalier Crab Shack, LLC, are Florida limited liability companies which do business in Miami-Dade County, Florida, and that Ralph Abravaya is an "employer" within the meaning of the Fair Labor Standards Act (the "FLSA").

### III

A.	Defendants deny the allegations, inferences and legal conclusions contained in this paragraph and demand strict proof thereof.

B.	Defendants deny the allegations, inferences and legal conclusions contained in this paragraph and demand strict proof thereof.

### IV

Defendants deny the allegations, inferences and legal conclusions contained in this paragraph and demand strict proof thereof.

### V

Defendants deny the allegations, inferences and legal conclusions contained in this paragraph and demand strict proof thereof.

### VI

Defendants deny the allegations, inferences and legal conclusions contained in this paragraph and demand strict proof thereof.

### VII

Defendants deny that Plaintiff or any of the "employees" named in Appendix "A" are entitled to any of the damages or relief sought in the WHEREFORE clause of the Complaint. Defendants further demand judgment in their favor and against Plaintiff, as well as their attorneys' fees and costs incurred in defending the claims made in this action.

### **AFFIRMATIVE DEFENSES**

1.	Defendants state that none of their actions were "willful," as said term is defined by the FLSA, regulations, and interpretive case law.

2.	Defendants state that Plaintiff's claim for liquidated damages is barred because Defendants, at all times material hereto, acted in good faith and had reasonable

grounds for believing that its policies and practices were not in violation of the FLSA.

3. Defendants state that Plaintiff's claims are barred because Defendants, at all times material hereto, acted in good faith in conformity with and in reliance on written administrative regulations, order, rulings, approvals and/or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor.

4. Defendants state that, to the extent any of the employees on whose behalf Plaintiff has brought this action are entitled to overtime wages, such employees should only be paid "half-time" for any hours worked in excess of 40 during any particular workweek.

5. Defendants state that Plaintiff's claims are barred because the employees on whose behalf Plaintiff has brought this action have been properly paid for all hours worked.

6. Defendants state that Plaintiff's claims are barred in whole or in part by the exemptions, exclusions, and credits provided for under the FLSA and the regulations promulgated thereunder.

7. Defendants state that Plaintiff's claim is barred by the estoppel provisions of the Portal-to-Portal Act, to the extent that Plaintiff purports to bring this action as a representative action.

8. Defendants state that they are entitled to a set-off for all amounts paid to the employees on whose behalf Plaintiff has brought this action in excess of that to which such persons were entitled to receive under the FLSA.

9. Defendants state that, to the extent Plaintiff obtains any recovery based on his FLSA claims, Plaintiff's claim for attorneys' fees and costs is barred based on the authority of *Goss v. Killian Oaks House of Learning*, 248 F.Supp.2d 1162 (S.D. Fla. 2003).

WHEREFORE, having fully answered the Complaint, Defendants pray that this Honorable Court dismiss with prejudice Plaintiff's claim in full, tax costs against Plaintiff and in favor of Defendants, and reserve jurisdiction to consider a timely filed motion for attorneys' fees on the authority of *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985).

Dated: January 3, 2012　　　　SHAPIRO, BLASI, WASSERMAN & GORA, P.A.
　　　　　Boca Raton, FL

*s/ Ellen M. Leibovitch*
ELLEN M. LEIBOVITCH
Florida Bar No. 0656933
E-mail: emleibovitch@sbwlawfirm.com
7777 Glades Rd., Suite 400
Boca Raton, FL 33434
Tel: (561) 477-7800
Fax: (561) 477-7722

Attorneys for Defendants, Cavalier Hotel, LLC, Cavalier Crab Shack, LLC and Ralph Abravaya

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Ellen M. Leibovitch*
ELLEN M. LEIBOVITCH

4

# SERVICE LIST

*Hilda Solis, etc. v. Cavalier Hotel, LLC, Cavalier Crab Shack, LLC and Ralph Abravaya*
Case No. 1:11-cv-23900-DLG
United States District Court, Southern District of Florida

| | |
|---|---|
| Lydia A. Jones<br>E-mail: jones.lydia@dol.gov<br>Office of the Solicitor<br>U.S. Department of Labor<br>61 Forsyth St., SW, Room 7T10<br>Atlanta, GA 30303<br>Tel: (404) 302-5489<br>Fax: (404) 302-5438<br>Counsel for Plaintiff<br>*Via CM/ECF* | Ellen M. Leibovitch<br>E-mail: emleibovitch@sbwlawfirm.com<br>Shapiro, Blasi, Wasserman & Gora, P.A.<br>7777 Glades Rd., Suite 400<br>Boca Raton, FL 33434<br>Tel: (561) 477-7800<br>Fax: (561) 477-7722<br>Counsel for Defendants<br>*Via CM/ECF* |